(80 South. 423)

CAMPBELL v. CLINTON. (8 Div. 135.)

(Supreme Court of Alabama. Nov. 28, 1918.)

1. ANIMALS ⬅27—DEATH OF HIRED MULE—NEGLIGENCE OF BAILEE.

In action for death of mule hired by plaintiff to defendant, evidence held insufficient to justify submission to jury of whether mule's death was the result of defendant's negligence.

2. APPEAL AND ERROR ⬅1177(5)—DISPOSITION—REMAND OF CASE.

On appeal from judgment for plaintiff in action on three counts, where court erred in refusing affirmative instruction for defendant on two of the counts, but evidence was sufficient to justify submission to jury of third count and to justify finding for plaintiff thereon, the court on appeal not knowing under what count jury found for plaintiff will reverse judgment and remand case.

Appeal from Circuit Court, Madison County; Robert C. Brickell, Judge.

Action by J. R. Clinton against W. Clyde Campbell for damages for the death of a mule. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

The plaintiff hired his mule to the defendant for log hauling, and while being thus used he was thrown upon a sharp stob and killed. Counts 1 and 2 allege that the mule's death was caused by his negligent handling by the defendant. Count 3 declares upon defendant's undertaking to be responsible for any injury that might happen to the mule while in the custody of the defendant.

The only testimony as to the circumstances of the injury is that of the defendant's driver, Schrimsher, who testified as follows:

I had the mules hitched to a log, and undertook to pull the log out around the tree top. I had hold of the line, but the mules were tough mouth, and they ran into the tree top, and it broke off and snagged one a little. I tried to hold them off the hill, but the other mule made a quick jump against the mule that was killed, and threw him over against the tree top. I didn't know the place was dangerous when I drove the mules by. There wasn't any stob there, there was only a small pine top there, and I aimed to drive around. I saw the pine top there, and did not see that there was any danger there.

The evidence was in dispute on the issues made by count 3. The court declined to give the general affirmative charge as to each count of the complaint, as requested by the defendant.

Taylor & Watts, of Huntsville, for appellant.

Griffin & Ford, of Huntsville, for appellee.

SOMERVILLE, J. Whether or not defendant's contract with plaintiff included a stipulation insuring the safety of the hired mules, as charged in the third count, was properly submitted to the jury, and the evidence was clearly sufficient to support a finding for plaintiff under that count. But the evidence is utterly without tendency to show that the mule was injured as the result of

any negligence on the part of defendant or his servant.

[1, 2] We think the trial court erred in refusing defendant's requested instructions as to the first and second counts; and, as we cannot know under what count the jury found for plaintiff, the error must work a reversal of the judgment.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.